# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DERRICK CALHOUN,<br><br>            Plaintiff,<br>vs.<br><br>VA MC SAN DIEGO; et al.,<br><br>            Defendants. | CASE NO. 08cv2064 JM(POR)<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTION FOR FAILURE TO STATE A CLAIM; DENYING MOTION FOR APPOINTMENT OF COUNSEL |

On or about November 7, 2008 Plaintiff commenced the present action VA MC San Diego, Sedgwick CMS, EEOC, San Diego County, Escondido, UCSD, SDSU, Greyhound, Citibank, Sea World, Wells Fargo Bank, and the Bank of America seeking damages in the amount of $100,000,000,000. In a one paragraph complaint, Plaintiff alleges that "the County of San Diego murdered my entire family and all of my friend[s] and attempted many times to murder me - - they are attempting to murder me on video surveillance by the F.B.I." (Complaint). Plaintiff also moves to proceed in forma pauperis and for appointment of counsel.

**The Motion to Proceed In Forma Pauperis**

Plaintiff moves for leave to proceed in forma pauperis pursuant to 28 U.S.C. 1915. Plaintiff declares that he is a disabled veteran, unemployed, receives disability benefits, and possesses no real estate, financial instruments or other valuable property. Consequently, the court grants Plaintiff leave to prosecute this action without prepayment of the filing fees.

**Sua Sponte Screening of the Complaint**

The court is obligated to review a complaint filed IFP and must dismiss if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). Courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

The court concludes that Plaintiff fails to allege a cognizable legal theory or sufficient facts to support a cognizable legal theory. The court does not have to accept as true allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991). Here, the allegations are fantastical and simply not credible. Plaintiff alleges that a disparate collection of entities, including the County of San Diego, two local universities, Sea World, Greyhound, and two banks murdered all his family and friends. This is simply not credible.

While leave to amend is to be granted liberally to pro se litigants, courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief). As there appears to be no circumstances under which Plaintiff can plausibly state a claim, the court dismisses the complaint with prejudice and without leave to amend.

**Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability

1  of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues
2  involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a
3  decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

4       Here, Plaintiff fails to establish even a minimal likelihood of success on the merits.  Under
5  these circumstances, the Court denies Plaintiff's request for appointment of counsel because it is not
6  warranted by the interests of justice.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

7       In sum, the court grants the motion for leave to proceed in forma pauperis, dismisses the
8  complaint with prejudice and without leave to amend, and denies the motion for appointment of
9  counsel.

10  **IT IS SO ORDERED.**

11  DATED:  May 5, 2009

12  
13                                Hon. Jeffrey T. Miller
                              United States District Judge

14  cc:        All parties

15
16
17
18
19
20
21
22
23
24
25
26
27
28